PHILIP G. RONDINELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rondinelli v. Commissioner
Docket No. 2254-83.
United States Tax Court
T.C. Memo 1984-155; 1984 Tax Ct. Memo LEXIS 521; 47 T.C.M. (CCH) 1379; T.C.M. (RIA) 84155; March 28, 1984. Philip G. Rondinelli, pro se. Robert L. Schnepps, for the *522 respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c) [1], Internal Revenue Code of 1954, as amended, and General Order No. 8 of this Court, 81 T.C. V (July 1983). After review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent determined a deficiency in petitioner's 1981 Federal income tax in the amount of $6,616 as well as an addition to tax under section 6653(a) in the amount of $331. The issues for decision are (1) Whether petitioner is entitled to a charitable contribution deduction in the amount of $16,339 for amounts allegedly paid to the Universal Life Church; (2) whether petitioner is liable for an addition to tax under section 6653(a); and (3) whether damages should be awarded to the United States against petitioner pursuant to section 6673. Some of the facts have been stipulated, and *523 those facts are so found. The petitioner resided at Staten Island, New York at the time the petition herein was filed. During the taxable year 1981 petitioner was employed by the City of New York as a supervisor fire alarm dispatcher. Petitioner received and reported gross wages from this employment activity in the amount of $33,109.79. Petitioner timely filed his Federal income tax return for the taxable year 1981 with the Director of Internal Revenue, Holtsville, New York. On said return, petitioner claimed a deduction of $16,339 for a charitable contribution to the Universal Life Church, Inc. (hereinafter ULC). Treasury Department, Internal Revenue Service, Publication 78, lists the Universal Life Church, Inc. of Modesto, California, as an organization described in section 170(c). Respondent maintains that petitioner has claimed contributions to an entity separate and distinct from the ULC, Modesto. Respondent therefore concludes that petitioner is not entitled to a deduction for contributions made to a chapter organization which does not qualify. Petitioner's position is that his contributions were made to ULC, Modesto, California, itself and not to a chapter or *524 a branch organization. Petitioner therefore contends that since the contributions were made to a qualifying organization he should be entitled to the claimed deduction. Universal Life Church v. United States,372 F. Supp. 770 (E.D. Cal. 1974). Thus, on the instant record, we are faced with the question of whether petitioner can substantiate the claimed contributions to ULC, Modesto. Section 170(a)(1) provides that "* * * A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary." Section 1.170A-1(a)(2) (iii), Income Tax Regs., provides that the district director may require statements from donee organizations to corroborate claimed contributions. As we advised petitioner at trial, the burden of proof of this issue rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In an attempt to substantiate his claimed deduction of $16,339 petitioner attempted to put into evidence an undated letter allegedly signed by Bishop R. E. Imbeau, Ph.D., on a letterhead of the ULC, Inc., Modesto, California. We excluded that letter *525 on the basis that it constituted inadmissible hearsay. [2] Petitioner also submitted various receipts allegedly signed by a trustee of the ULC, Inc., Modesto, California. While said receipts also constitute inadmissible hearsay, we admitted them for the limited purpose of establishing that petitioner received receipts around the time of any alleged payments to the ULC. We did not admit such documents for the truth of the contents contained therein. Petitioner also submitted a letter dated December 9, 1982, on the letterhead of the ULC, Inc., Modesto, California, written to the Internal Revenue Service and dated December 9, 1982. Once again, we admitted said document for the limited purpose of substantiating that petitioner received instructions from the ULC with respect to the manner in which he was to conduct himself. [3] Accordingly, based upon our rulings with respect to these documents there is insufficient evidence to establish payments of $16,339 or any lesser amount to the ULC. Davis v. Commissioner,81 T.C. 806 (1983). *526 On more than one occasion the Court suggested that evidence such as canceled checks or testimony would be helpful in order for the petitioner to establish his entitlement to the claimed deduction. Petitioner chose not to present canceled checks or testimony relating to the claimed deductions. Thus, petitioner has not satisfied his burden of proof to show that he is entitled to any of the claimed deductions. Welch v. Helvering,supra.Accordingly, we find in full for the respondent on this issue. [4]
As to the section 6653(a) addition to tax for negligence or intentional disregard of rules and regulations, petitioner has the burden to overcome the presumption of correctness of respondent's determination and petitioner offered no credible evidence to refute said determination. Here petitioner claimed a substantial deduction to one charity, but failed to keep or present to the Court *527 any contemporaneous or trustworthy documentary evidence to support the deduction. In view of these facts, respondent's determination on this issue is sustained. The final issue to be decided is whether damages should be awarded to the United States under section 6673. Since the petition herein was filed on February 2, 1983, the amended version of section 6673 is applicable. Said section provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Respondent argues that petitioner's chapter of the ULC was organized merely as a tax avoidance device and petitioner used all funds paid to the chapter for his own personal living expenses, citing Miedaner v. Commissioner,81 T.C. 272 (1983). However, *528 the instant record is void of any evidence to support respondent's allegation. Thus, this case is distinguishable from Miedaner v. Commissioner,supra, where we found that the contributions funded a taxpayer's living allowances, there was no separate identity between the petitioner and the church, and the net earnings of the church inured to the taxpayer's private benefit. [5] Based on the record herein, we cannot say that the proceedings have been instituted or maintained by the taxpayer primarily for delay or that such proceedings were frivolous or groundless. Accordingly, damages pursuant to section 6673 will not be awarded in the instant action. Since we have sustained the respondent's determination in full with respect to the statutory notice of deficiency, a decision *529 will be entered for the respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Rule 802, Federal Rules of Evidence.↩
3. This is the purpose for which petitioner asked that the document be admitted into evidence.↩
4. See Akers v. Commissioner,T.C. Memo. 1981-633, affd. without published opinion, 697 F.2d 287 (2d Cir. 1982). See also Akers v. Commissioner,T.C. Memo. 1980-411; Akers v. Commissioner,T.C. Memo. 1979-217↩.
5. Nor is this case analogous to Capalbo v. Commissioner,↩ in which the Court rendered Oral Findings of Fact and Opinion on November 14, 1983. (This case was cited by respondent in his opening argument.) In that case we found that the taxpayer claimed charitable contributions in excess of his gross income. We also found that the contributions were made to a local chapter of the ULC.